IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ISAAC PIERCE, | § | |
| | § | |
| Defendant Below, | § | No. 242, 2021 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1809008970 (K) |
| | § | |
| Appellee. | § | |
| | § | |

Submitted: January 20, 2022
Decided: March 24, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1) In March 2019, a grand jury indicted the appellant, Isaac Pierce, for two counts of first-degree rape, first-degree kidnapping, strangulation, third-degree assault, and terroristic threatening. The charges arose from events that occurred on September 15 and 16, 2018. The record reflects that Sar'Dae Adkins and Pierce had been dating for approximately a year when they went out together on the evening of September 15, 2018. Adkins testified that, after playing pool and visiting family and friends, Pierce choked, brutally beat, raped, and threatened to kill her because

someone had told Pierce during the evening that Adkins's friend's brother had massaged Adkins's shoulders. Pierce testified at trial and admitted that he choked and assaulted Adkins and that he might "have said something that may have been threatening."[1] He also admitted that they had sexual intercourse after the physical altercation,[2] but he claimed that Adkins consented.[3]

(2)    The jury found Pierce guilty of one count of first-degree rape, first-degree kidnapping, strangulation, third-degree assault, and terroristic threatening. The jury found Pierce not guilty of one count of first-degree rape. The Superior Court ordered a presentence investigation. The sentencing was continued several times, including at the request of new defense counsel, who asked for additional time to become familiar with the case and to complete a mitigation investigation. On July 7, 2021, the Superior Court sentenced Pierce to a total of sixty-five years of incarceration, suspended after thirty-four years for decreasing levels of supervision. This is Pierce's direct appeal.

(3)    Pierce's counsel, who was assigned after trial but before sentencing, has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Pierce's counsel asserts that, based upon a complete and careful review of the record, there are no arguably appealable issues. In the attorney statement filed under Rule 26(c),

---

[1] Appendix to Opening Brief, at A1298.
[2] *Id.* at A1256-71; A1299-1300; A1424-28.
[3] *Id.* at A1295-96; A1487.

counsel indicates that he informed Pierce of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Pierce of his right to supplement counsel's presentation. Pierce responded with points he wanted to present for the Court's consideration, which counsel included with the Rule 26(c) brief. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(4)  When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[4] This Court must also conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[5]

(5)  Pierce appears to claim error based on his trial counsel's comments—during a May 29, 2019 office conference regarding scheduling the trial—that Pierce was "pretty difficult" and "tough to communicate with."[6] To the extent that Pierce asserts that he received ineffective assistance of counsel based on those comments, this Court has held that it will not consider a claim of ineffective assistance of

---

[4] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[5] *Penson*, 488 U.S. at 82.

[6] Appendix to Opening Brief, at A39.

3

counsel on direct appeal if the trial court did not decide the issue on the merits.[7]

Accordingly, we will not consider Pierce's claim of ineffective assistance of counsel on direct appeal. To the extent that Pierce argues that counsel's comments undermined the Superior Court's impartiality, after review of the record we find no reason to doubt the trial judge's impartiality.[8]

(6) Pierce also asserts that the Superior Court, the State, and his trial counsel coerced him into waiving his speedy-trial rights. He did not assert this claim below, and we therefore review for plain error.[9] Under this standard, the error that the appellant asserts "'must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process,' and our review 'is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice.'"[10]

---

[7] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

[8] *See generally Quirico v. State*, 2004 WL 220328, at *3 (Del. Jan. 27, 2004) (considering appellant's claim that trial judge's questioning of a witness at trial was improper, and "[f]ind[ing] no compromise of the principles of self-restraint and impartiality on the part of the judge and, therefore, find[ing] no error, plain or otherwise" in the judge's questioning of the witness); *Hearne v. State*, 2017 WL 6336910, at *3 (Del. Dec. 11, 2017) (reviewing trial court's denial of defendant's counsel's request that the case be reassigned to a judge in another county because defendant's ex-wife, who was the victim's mother, worked for the court in the county where the trial occurred, and concluding that a reasonable person "would not harbor significant doubts about the trial judge's impartiality in this case").

[9] *See* DEL. SUPR. CT. R. 8 ("Only questions fairly presented to the trial court maybe presented for review . . . ."); *Mills v. State*, 201 A.3d 1163, 1167 (Del. 2019) ("Because Mills did not present any of his claims on appeal to the court below, we review for plain error.").

[10] *Mills*, 201 A.3d at 1167-68 (quoting *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986)).

4

(7) At the May 29, 2019, office conference, the State and the defendant's trial counsel discussed rescheduling trial, which had been scheduled to begin June 3, 2019, because defense counsel had another trial scheduled for the same day. The court scheduled trial to begin on August 12, 2019. The State later requested a one-week continuance because the chief investigating officer was not available for that date, and the court scheduled trial to begin on August 19, 2019. One week before trial was scheduled to begin, defense counsel requested another continuance so that he could hire a DNA expert to evaluate potential inconsistencies in the DNA report. At an August 14, 2019, hearing on the continuance request, the State opposed the continuance based on concerns about the case "getting old."[11] Defense counsel stated that Pierce did not want to waive any rights, but that defense counsel had explained that if Pierce wanted to proceed with obtaining a DNA expert, he would have to "waive speedy trial."[12] The court then held a colloquy with Pierce regarding the waiver, and Pierce waived his speedy-trial rights.[13] The trial began on December 2, 2019.

(8) After careful consideration of the record, we find no plain error. Pierce elected to waive his rights because he wanted to pursue additional evidence—the fact that that may have been a difficult choice does not mean that Pierce was coerced

---

[11] Appendix to Opening Brief, at A58.
[12] *Id.*
[13] *Id.* at A59-A63.

into the waiver. Rather, the colloquy reflects that Pierce was informed about the choice and decided to pursue additional evidence. The record does not support Pierce's claim that his waiver was coerced.[14]

(9) We have reviewed the record carefully and conclude that Pierce's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Pierce's counsel has made a conscientious effort to examine the record and has properly determined that Pierce could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[14] *Cf. Page v. State*, 2010 WL 2169506, at *6 (Del. May 11, 2010) (finding no abuse of discretion in the Superior Court's determination that defendant "was not coerced into sacrificing his right to a speedy trial" because, among other reasons, defendant voluntarily waived his right to a speedy trial in order to delay trial so that he could obtain the assistance of particular experts that he and his counsel desired to retain).